IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRACY TEMPLETON SMITH,

    Plaintiff,

  v.

LEVEL 3 COMMUNICATIONS INC.,

    Defendant.

                                   /

No. C 14-05036 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this wrongful termination action, defendant moves to dismiss the complaint for failure to state a claim. To the extent stated below, defendant's motion to dismiss is **GRANTED**. Plaintiff also requested judicial notice of several documents allegedly from the Department of Fair Employment and Housing. That request is **DENIED**.

## STATEMENT

The following well-pled facts are assumed to be true for purposes of the present motion. Plaintiff is Tracy Templeton Smith. Defendant is Level 3 Communications, plaintiff's former employer. Plaintiff began working for Level 3 in March 2007. She was promoted to the position of director of large enterprise accounts in 2010. She participated in Level 3's incentive compensation plan, under which commissions were forfeited if an employee was no longer with the firm at the end of a given month or year. Plaintiff was due a large commission if she had still been employed by Level 3 at the end of 2013 (Compl. ¶¶ 4, 7).

In April 2013, plaintiff's mother was diagnosed with cancer. Plaintiff engaged in several conversations with Level 3's human resources department regarding her need to take time off to care for her mother. Plaintiff was told that she would need to use all of her stored up vacation time, which included sick leave time, before she could use FMLA or CFRA leave time. In the summer of 2013, Level 3 conducted a significant reduction in force. Plaintiff was terminated in September of 2013 (Compl. ¶¶ 5–6, 8–9).

Plaintiff's complaint asserts the following seven claims: (1) violations of California Labor Code Sections 206.5 and 432.5, relating to a post-termination release that Level 3 offered plaintiff in exchange for a severance payment; (2) violations of California Labor Code Sections 201, 203, and 216 for failing to pay wages due upon termination; (3) violations of California Labor Code Sections 201, 203, 216, 219, and 221–23 relating to Level 3's commission plan; (4) violations of California Labor Code Sections "233 et seq." relating to Level 3's alleged harassment of plaintiff; (5) violations of the CFRA relating to Level 3 allegedly forcing plaintiff to use sick time before taking CFRA leave; (6) wrongful termination in violation of public policy; and (7) unfair business practices under Business and Professions Code Section 17200.

**ANALYSIS**

**1. JUDICIAL NOTICE.**

Plaintiff seeks judicial notice of two letters allegedly from the California Department of Fair Employment and Housing. The first letter acknowledges receipt of a complaint and the second is a right-to-sue notice. Neither of these letters is signed and both are clearly labeled "DRAFT."

A court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b).

Here, the documents are subject to reasonable dispute and their accuracy can be reasonably questioned. The letters contain no signatures from anyone at the Department of Fair

Employment and Housing and both letters are clearly labeled "DRAFT." Thus, plaintiff's requests for judicial notice are **DENIED**.

## 2. PLAINTIFF'S CLAIMS.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Rule 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### A. Sections 206.5 and 432.5 Claims.

Plaintiff's first claim for relief alleges defendant attempted to force her to sign a release in exchange for a severance payment after her employment had been terminated. Plaintiff claims these acts violated California Labor Code Sections 206.5 and 432.5. Section 206.5 states:

> An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee.

Section 432.5 states that no employer shall require any employee to agree to any term or condition which is known to be prohibited by law. To adequately state a claim for a violation of these sections, a plaintiff must allege that (1) an employer/employee relationship existed at the time of the alleged conduct and (2) that the employer required the employee to sign an objectionable release because it was required for the employee to receive wages owed or because the release was prohibited by law. Furthermore, Section 206.5 states that the relief for this violation is that such a release will be null and void. Plaintiff has failed to adequately plead either of these two elements.

*First*, plaintiff explicitly acknowledges that she was not an employee when defendant offered the release. She alleges that defendant approached her about the release after she had already been terminated (Compl. ¶ 11). Because Sections 206.5 and 432.5 only protect current employees, plaintiff fails to adequately allege the first prong of the violation.

*Second*, plaintiff fails to allege that she actually signed the release defendant offered her. In fact, plaintiff specifically alleges that she did not sign the release. Sections 206.5 and 432.5 are violated when employers "require the execution of a release" and when employers improperly "require any employee or applicant for employment to agree, in writing."

Plaintiff's opposition does not dispute that she had already been terminated when defendant approached her about the release and does not dispute that she never actually signed the release. Rather, she cites to several decisions, without any analysis as to why they apply. This does not cure her pleading deficiencies.

Because plaintiff fails to adequately allege either of the required elements under Sections 206.5 and 432.5, defendant's motion to dismiss plaintiff's first claim is **GRANTED**.

### B.      Sections 201, 203, and 216 Claims.

Plaintiff's second claim alleges that defendant failed to pay her wages that were owed upon the termination of her employment and "wilfully" withheld wages from plaintiff in violation of California Labor Code Sections 201, 203, and 216.

Section 216 merely creates remedies for violations of other statutes. It imposes criminal liability and does not create an independent claim for relief. Thus, plaintiff cannot pursue relief under this statute. *See* California Labor Code Section 216.

Plaintiff's Section 201 and 203 claims do not allege sufficient factual detail to make a plausible claim for relief. To state a plausible claim under Sections 201 and 203, a plaintiff must allege sufficient detail to plausibly show that the employer wilfully and intentionally withheld wages. Instead, in only a few sentences, plaintiff's complaint merely asserts in a conclusory manner that defendant wilfully withheld wages and terminated plaintiff's employment without just cause. Plaintiff's second claim is not much more than a "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. To plead a plausible claim, plaintiff would need to

4

specifically allege, for example, how much money she was owed, why she was owed that much, and provide specific details regarding her interactions with the company regarding those owed wages. Moreover, plaintiff's opposition does not address defendant's argument that plaintiff failed to allege adequate detail to make out this claim. Defendant's motion to dismiss plaintiff's second claim for relief is thus **GRANTED**.

### C.    Claims Related to Level 3's Commission Plan.

Plaintiff's third claim for relief alleges that Level 3's commission plan, in which plaintiff took part, violates California Labor Code Sections 201, 203, 216, 219, and 221–23. Under Level 3's commission plan, employees forfeited commissions earned if they were not working at the company at the end of a given month or year. That is the extent of the detail plaintiff provides in her complaint.

Plaintiff has failed to plead sufficient facts to make out violations of Sections 201, 203, 216, 219, and 223 for the same reasons laid out in the analysis of plaintiff's second claim. In short, plaintiff does not allege nearly enough detail and merely recites the elements of the claim in a conclusory manner. Additionally, plaintiff's Section 221 claim fails because she does not allege that defendant paid her wages and then clawed them back. In fact, plaintiff's complaint alleges the opposite — that she never received the wages in the first place. Lastly, plaintiff's Section 222 claim fails because she does not allege the existence of a collective-bargaining agreement. Section 222 makes it unlawful for an employer to "withhold from [an] employee any part of the wage agreed upon" in an applicable collective-bargaining agreement.

Defendant's motion to dismiss plaintiff's third claim is **GRANTED**.

### D.    Claim Under "Section 233 et seq."

Plaintiff's fourth claim for relief states that defendant harassed plaintiff, interfered with her taking sick time off to care for her mother, and thus violated Section "233 et seq." of the California Labor Code. The complaint does not specify what Section "233 et seq." means or which other sections of the Labor Code this claim implicates.

5

Section 233 states that employers must "permit an employee to use in any calendar year the employee's accrued and available sick leave . . . to attend to an illness of a child, parent, spouse, or domestic partner of the employee."

Again, plaintiff does not allege nearly enough detail to make out a plausible claim. The complaint does not state how much sick time plaintiff had when her mother was diagnosed with cancer, how much sick time plaintiff used, how much she had left over when she was fired, or how defendant harassed her and interfered with her using her sick time. Moreover, plaintiff claims defendant's actions violated Section "233 et seq." It is impossible to decipher which sections, other than Section 233, of the Labor Code defendant allegedly violated by this pleading and thus does not put defendant on notice of how to defend against those allegations.

Defendant's motion to dismiss plaintiff's fourth claim is **GRANTED**.

### E. CFRA Claim.

Plaintiff's fifth claim alleges that defendant forced her to use sick leave before taking time off pursuant to the California Family Rights Act and thus violated CFRA. As CFRA is under the umbrella of FEHA, a plaintiff alleging a CFRA claim must exhaust her administrative remedies within a year of the alleged wrongful acts. A plaintiff must then obtain a right-to-sue notice. Cal Gov't Code 12965(b). Plaintiff's complaint fails to allege that she exhausted her administrative remedies and obtained a right-to-sue notice and defendant raised it as an affirmative defense in its motion.

Plaintiff responds that she did in fact exhaust her administrative remedies and obtained a right-to-sue notice, but neglected to mention this in the complaint. Plaintiff then attaches in her request for judicial notice two letters from the DFEH that are unsigned and clearly labeled "DRAFT." As described above, the documents are subject to reasonable dispute and their accuracy can be reasonably questioned. The Court will not judicially notice these documents.

Plaintiff failed to adequately allege the elements of a CFRA claim in her complaint and has failed to adequately respond to defendant's affirmative defense in her opposition. Defendant's motion to dismiss plaintiff's CFRA claim is thus **GRANTED**.

### F. Violation of Public Policy Claim.

Plaintiff's sixth claim baldly alleges that defendant's actions constitute wrongful termination of employment in violation of public policy. Plaintiff's public policy claim is predicated upon violations of the several California statutes laid out above. An employer cannot violate the public policy inherent in a statute if it does not actually violate that statute on its face. Plaintiff does not identify any other source of public policy that defendant could have violated. Because plaintiff's other claims for relief do not adequately plead statutory violations, plaintiff's public policy claim must fail as well. Defendant's motion to grant plaintiff's sixth claim is **GRANTED**.

### G. Business and Professions Code Section 17200 Claim.

Plaintiff claims that defendant's actions constituted an unfair, unlawful, or fraudulent business practice under California Business and Professions Code Section 17200. Again, plaintiff makes the conclusory allegations that defendant violated this section, without any analysis or specific facts. To state a claim under Section 17200, a plaintiff must adequately plead a violation of a specific alternative statute. As stated above, plaintiff has failed to do so. Defendant's motion to dismiss plaintiff's Section 17200 claim is **GRANTED**.

### CONCLUSION

To the extent stated above, defendant's motion to dismiss is **GRANTED**. Plaintiff will have until **JANUARY 15, 2015, AT NOON,** to file a motion, noticed on the normal 35-day calendar, for leave to amend her claims. A proposed amended complaint must be appended to this motion. Plaintiff must plead her best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes. If such motion is not filed by the deadline, this case will be closed. The hearing set for January 8, 2015, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE